

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-23-2007

# Jecrois v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2716

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Jecrois v. Atty Gen USA" (2007). *2007 Decisions.* Paper 709.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/709

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-2716
_____

LEOPOLD JECROIS, JR.,

Petitioner

v.

ATTORNEY GENERAL OF THE
UNTIED STATES,

Respondent

_____

Petition for Review of an Order of the
Board of Immigration Appeals
(No. A77-023-889)

_____

Submitted Under Third Circuit LAR 34.1(a)
July 13, 2007

Before: RENDELL, AMBRO, and NYGAARD, Circuit Judges.

(Filed:    July 23, 2007)

_____

_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Leopold Jecrois, a citizen of Haiti, petitions for review of a final order of removal, entered May 9, 2006, denying his motion to reopen based on changed country conditions. We review a final order of the BIA denying a motion to reopen for abuse of discretion. *Mahmoud v. Gonzales*, 427 F.3d 248, 250 (3d Cir. 2005). Under this standard, the BIA's decision will be reversed only if it is arbitrary, irrational or contrary to law. *Sevoian v. Ashcroft*, 290 F.3d 166, 175 (3d Cir. 2002). We conclude that the BIA acted within its discretion.

Jecrois entered the United States using a genuine Haitian passport. However, his passport contained fraudulent temporary I-511 stamps, which are placed in an alien's passport to indicate he or she has lawful permanent residence status in the United States. Jecrois was charged with removability as an alien who had by fraud or willful misrepresentation sought to procure admission into the United States and as an alien who was not in possession of a valid entry document. Through counsel, Jecrois admitted the second charge, but contested the first. He filed an application for asylum and withholding of removal on the basis of his brother's membership in a Haitian literacy organization, the "OAPD." Jecrois was not a member of this organization, but attended its meetings with his brother and helped the group by distributing promotional materials.

During a meeting of this group in October of 1999, while Jecrois was in attendance, his uncle was beaten to death and his brother was abducted, never to be seen or heard from since. Another group, the Christian Democratic Party (PDCH), was responsible for the disruption and attacks. Jecrois stated that he believed the PDCH was also formed to promote literacy and viewed the OAPD as a rival political faction. Following this meeting, Jecrois hid and later paid someone for the false I-511 stamps.

The IJ was unconvinced that the PDCH was a political party that operates throughout Haiti; that exerts influence over the government; or that has a potential to rise to such a position in the future. Finally, because Jecrois did not meet the burden of proof for asylum, the IJ held that Jecrois could not meet the higher burden of proof for withholding of removal or protection under the Convention Against Torture and that, in any event, Jecrois had failed to introduce any evidence regarding any fear of torture.

The BIA affirmed the IJ's order of removal in January of 2003, finding no error in the IJ's conclusion that Jecrois failed to meet his burden of proving past persecution or a well-founded fear of persecution. The BIA also affirmed the IJ's determination that Jecrois was not entitled to withholding of removal or protection under the CAT. Jecrois did not seek further review of the BIA's decision and the merits of its determination are not before us.

More than three years later, Jecrois filed a motion to reopen the proceedings based on changed circumstances. The BIA is obliged not to grant a motion to reopen in immigration proceedings "unless it appears . . . that evidence sought to be offered is

3

material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). Thus, we are presented with the narrow question of whether the BIA abused its discretion in not reopening Jecrois' proceedings in light of material, newly available evidence he presented on "changed conditions" in Haiti. We are satisfied that the record considered as a whole supports the BIA's refusal to permit a reopening of Jecrois' proceedings was not an abuse of its discretion.

As an initial matter, the BIA correctly found that Jecrois' motion to reopen was untimely. Because the BIA issued its final administrative decision affirming the IJ's denial of Jecrois' application on January 9, 2003, he had to file his motion to reopen within 90 days of that date. *See* 8 C.F.R. § 1003.2(c)(2). Because Jecrois did not file his motion until April 11, 2006, the motion was untimely. Jecrois contends that the exception to the filing requirements applies here because his proffered evidence was previously unavailable and establishes changed conditions in Haiti.

In his petition to reopen based on changed country conditions, Jecrois submitted two pieces of information that post-date the IJ's and the BIA's adverse decision, i.e., materials that were "not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). Jecrois attached a June 2, 2005 Congressional Research Services Report for Congress entitled "Haiti: Developments and U.S. Policy Since 1991 and Current Congressional Concerns." This report contained no mention of the PDCH and did not provide any information about the persecution of OAPD members by the PDCH. Additionally, Jecrois attached the Country

4

Report on Human Rights Practices for 2004, as published by the Bureau of Democracy, Human Rights and Labor (United States Department of State). This report indicated that Haiti's human rights record remained "poor" but did not mention any activities of the PDCH or the OAPD. The BIA found this evidence unconvincing. Neither of the reports Jecrois submitted with his motion to reopen indicated that members of the OAPD are now facing persecution from the Haitian government or from the PDCH on a countrywide basis.

The BIA specifically determined that "this evidence does not demonstrate that the changed conditions in Haiti have materially impacted the respondent's specific claim which was based on his fear of a small opposition party in Haiti, the PDCH." The BIA's decision denying Jecrois' motion to reopen sets forth a proper and sufficient basis for review because the BIA considered the issues raised and announced its decision in terms sufficient for meaningful review.

Accordingly, none of the proffered evidence established material changed circumstances in Haiti after Jecrois' asylum hearing and therefore Jecrois failed to satisfy the exception to the timely filing requirement. Thus, we conclude that the BIA did not abuse its discretion by denying the motion to reopen the proceedings.

Petition denied.